The STATE of Ohio, Appellee,

v.

STRUTTON, Appellant.

[Cite as *State v. Strutton* (1988), 62 Ohio App.3d 248.]

Court of Appeals of Ohio,
Montgomery County.

No. 10902.

Decided Nov. 2, 1988.

*Lee C. Falke*, prosecuting attorney, and *George A. Katchmer, Jr.*, assistant prosecuting attorney, for appellee.

*Willard R. Strutton, pro se*, appellant.

Fᴀɪɴ, Judge.

Defendant-appellant, Willard Strutton, appeals from a judgment dismissing his petition for post-conviction relief, with prejudice. Strutton contends that in his petition for relief he alleged that his guilty plea was the product of ineffective assistance of counsel with sufficient particularity to entitle him to a hearing. We agree. Accordingly, the dismissal of Strutton's petition for post-conviction relief will be reversed, and this cause will be remanded for a hearing on the merits.

## I

Strutton was charged with eight counts of rape, and four counts of gross sexual imposition (the latter four counts with a specification of violence), all of which allegedly involve a person not his spouse, less than thirteen years of age. Pursuant to a plea bargain, Strutton pled guilty to one count of rape and one count of gross sexual imposition with a violence specification. Strutton was sentenced to incarceration for five to twenty-five years for rape and two to ten years for gross sexual imposition, the sentences to run concurrently.

Strutton filed a motion to vacate his plea and sentence, *pro se.* Subsequently, Strutton's appointed counsel obtained leave to file, and did file, an amended petition to vacate sentence.

In Strutton's original petition, he alleged with some particularity that his original trial counsel failed to consider, as an evidentiary lead, a letter from the complainant's mother in which the mother stated that the complainant had admitted that the charges against Strutton were false. In Strutton's amended petition, this specific claim is replaced with a more general allegation that Strutton's original trial counsel "was aware of certain statements made by a prosecution witness (the mother of the victim) which were not consistent with statements made to the prosecuting attorney, however * * * [Strutton's original trial counsel] failed to investigate or properly pursue this matter. Instead, * * * [Strutton's original trial counsel] coerced Petitioner to plead guilty to the charge."

Furthermore, in both his original petition which he filed *pro se* and in his amended petition, Strutton alleged that after he pled guilty but before he was sentenced, he told his original trial counsel that he wanted to withdraw his plea, but that his original trial counsel became upset with him, refused to participate in any withdrawal of the plea, and also said that if Strutton insisted on seeking to withdraw his plea, trial counsel would withdraw as Strutton's counsel. Strutton alleged, in both his original and amended petitions, that he believed he would be forced, as a result of his original trial counsel's withdrawal, to proceed to trial without an attorney, and that his reluctance to do so was responsible for his acquiescence in his trial counsel's insistence that he not seek to withdraw his plea.

The state moved to dismiss Strutton's amended petition to vacate his sentence, and the trial court, without a hearing, granted the motion to dismiss, with prejudice. From the dismissal of his petition to vacate his sentence, Strutton appeals.

## II

Strutton assigns the following errors:

*"First Assignment of Error*

"The trial court erred in dismissing appellant's petition without a hearing as appellant's petition, with the supporting affidavits contained sufficient operative facts to demonstrate the lack of competent counsel and that appellant was prejudiced by counsel's ineffectiveness.

*"Second Assignment of Error*

"The trial court erred in dismissing appellant's petition without a hearing as appellant's petition, with the supporting affidavits contained sufficient operative facts to demonstrate the lack of a voluntary, knowing and intelligent guilty plea."

Essentially, Strutton argues that in his petition he has alleged that ineffective assistance of counsel produced his guilty plea, and his failure to move to withdraw that guilty plea, with sufficient particularity to entitle him to a hearing.

██ A hearing is not automatically required whenever a petition for post-conviction relief is filed. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and the files and records in the case. *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 18 O.O.3d 348, 350, 413 N.E.2d 819, 822.

In his original petition, Strutton alleged that his original trial counsel failed to pursue the evidentiary lead represented by a letter that Strutton had supposedly received from the complainant's mother, in which the mother had written that her daughter had admitted that the charges against Strutton were groundless. That is certainly an important enough evidentiary lead to raise a question whether Strutton's original trial counsel met minimum standards of competence in failing to pursue that lead, assuming that Strutton succeeds, in a hearing, in establishing the facts that he has alleged.

Also troubling is Strutton's allegation that his original trial counsel, upon being asked to file a motion to withdraw Strutton's guilty plea, before sentencing, not only refused to do so, but threatened to withdraw as counsel if Strutton should decide to file his own motion, without informing Strutton that Strutton would have the right to secure appointed counsel for trial. If Strutton were to succeed in proving this allegation at a hearing it might well be supposed that, as Strutton alleges, he decided not to move to withdraw his plea only because he did not want to be put in the position of having to go to trial without an attorney to represent him.

██ Even though a motion to withdraw a guilty plea, filed before sentencing, "should be freely allowed," the decision whether to grant the

motion is nevertheless confided to the discretion of the trial court, under Crim.R. 32.1. *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863. However, even if a defendant is not entitled to withdraw his plea of guilty as of right, and it cannot be concluded with certainty that he would be allowed to withdraw his plea if it had been made, a defendant is prejudicially denied effective assistance of counsel when his attorney fails to act on his request to withdraw his plea when the possibility that he would have been allowed to withdraw his plea is not insubstantial. *Holtan v. Parratt* (C.A.8, 1982), 683 F.2d 1163. In view of the fact that Strutton sought to make his motion before sentencing, when a motion to vacate a plea "should be freely allowed" (*State v. Peterseim, supra,* paragraph one of the syllabus), we cannot say that the possibility that he would have been allowed to withdraw his plea, had the motion been made, was insubstantial.

■ We conclude that Strutton has made a sufficiently specific allegation of ineffective assistance of counsel to warrant a hearing on his allegations.

■ A petitioner's mere allegation that his guilty plea was the product of ineffective assistance of counsel, unsupported by affidavits or other supporting materials, is insufficient to overcome the presumption of regularity attending guilty plea proceedings that on their face comply with Crim.R. 11. *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 826.

In this case, however, Strutton's claim that his guilty plea was coerced by his attorney is to some extent corroborated by the affidavit of his mother, Anna Mary Outcalt. In her affidavit, Strutton's mother avers that while Strutton was in jail awaiting sentencing, he called her to complain that his attorney was refusing to seek to withdraw his guilty plea, and was threatening to withdraw as his attorney if he did withdraw his plea. She avers that Strutton asked her to contact his attorney, but she was unable to do so.

Although this affidavit merely establishes that Strutton made the same otherwise unsubstantiated claim that he is now making, it does establish (accepting its averments as true for present purposes) that this was a claim that Strutton made contemporaneously with the events in question—it is not an afterthought that Strutton has only come up with long after the events in question, in an attempt to win a new hearing.

The issue is whether there was enough before the trial court to justify a hearing—not whether Strutton has proven his claim.

"Unless the petition and files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment." R.C. 2953.21(E).

In view of the above statutory commandment, we conclude that Strutton's mother's affidavit, while only slightly corroborative of his claim, is sufficient to take this case outside the scope of the rule laid down in *State v. Kapper, supra.* Strutton has presented a sufficient *prima facie* claim that his guilty plea was the product of ineffective assistance of counsel; therefore, he is entitled to a hearing.

Strutton's first and second assignments of error are sustained.

## III

Both of Strutton's assignments of error having been sustained, the judgment of the trial court dismissing his petition to vacate his conviction and sentence will be reversed, and this cause will be remanded for a hearing on the merits.

*Judgment reversed*
*and cause remanded.*

BROGAN, J., concurs.

KERNS, J., dissents.

KERNS, Judge, dissenting.

If I could detect even a ray of justification for conducting a hearing in this case, I would readily join in the compassionate view of my colleagues, but upon authority of *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819, and *State v. Pankey* (1981), 68 Ohio St.2d 58, 22 O.O.3d 262, 428 N.E.2d 413, as later discussed in *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823, I respectfully dissent from the majority position.