OPINION
Defendant-appellant, Patricia Richards, appeals a decision of the Clermont County Court of Common Pleas dismissing her postconviction relief petition brought pursuant to R.C. 2953.21.
On February 6, 1985, appellant was indicted for one count of aggravated murder in violation of R.C. 2903.01(A) with a firearm specification for the January 31, 1985 shooting of her husband, Joseph E. Richards, Jr. Appellant initially entered a not guilty plea by reason of insanity. However, on July 9, 1985, appellant agreed to plead guilty to a reduced charge of murder in violation of R.C. 2903.02 without specification. By judgment entered the same day, the trial court sentenced appellant to fifteen years to life imprisonment. Appellant's subsequent pro se appeal on October 24, 1985 was dismissed for being untimely filed.
On September 20, 1996, appellant filed a petition for postconviction relief in which she alleged that she had received ineffective assistance of trial counsel and that the police had violated her constitutional rights against unreasonable searches and seizures, and provided false information to incriminate her. The trial court denied appellant's petition for postconviction relief by judgment entry filed May 21, 1997.
Appellant pro se timely filed this appeal. Appellant did not present this court with an assignment of error; instead, she sets forth twenty propositions of law for our review. A fair reading of appellant's propositions of law, which we will construe as assignments of error, indicates that appellant contends that she is entitled to postconviction relief because (1) her sentence was in error; (2) her guilty plea was not knowingly and voluntarily made but rather was induced by her trial counsel's promise that she would be sentenced to no more than five to eight years imprisonment; and (3) she received ineffective assistance of trial counsel. With regard to the latter, appellant specifically contends that trial counsel failed to raise the affirmative defense of selfdefense and that as a result, trial counsel was negligent in his duty to properly present her case before the trial court and incompetent in representing her.
R.C. 2953.21(C) states:
 The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
It is well-established that a petition for postconviction relief is subject to dismissal without a hearing if the petitioner, appellant here, fails to submit with the petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107, 110. Self-serving affidavits submitted by a petitioner in support of a claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21. State v. Kapper (1983),5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856,104 S.Ct. 174; State v. Zych (Oct. 27, 1997), Clermont App. No. CA97-02-012, unreported.
Appellant argues that she is entitled to postconviction relief because her sentence was in error. Appellant contends that her sentence should have been governed by R.C. 2929.11, which states in relevant part that:
 (B) [T]erms of imprisonment for felony shall be imposed as follows:
(1) For an aggravated felony of the first degree:
 (a) If the offender has not previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree, aggravated murder or murder, or any offense set forth in any existing or former law of this state, any other state, or the United States that is substantially equivalent to any aggravated felony of the first, second, or third degree or to aggravated murder or murder, the minimum term, which may be imposed as a term of actual incarceration, shall be five, six, seven, eight, nine, or ten years, and the maximum term shall be twenty-five years[.]
R.C. 2929.11(B)(1)(a).
Our response to appellant's contention is two-fold. First, murder is not classified as an aggravated felony but as a felony. R.C. 2901.02(C); State v. Taylor (1997), 78 Ohio St.3d 15, 25. Thus, R.C. 2929.11(B)(1) could not have governed her sentence. Second, R.C. 2903.02(B) specifically states that whoever is guilty of murder shall be punished pursuant to R.C. 2929.02. R.C.2929.02(B) in turn states that "[w]hoever is convicted of, pleads guilty to * * * murder * * * shall be imprisoned for an indefinite term of fifteen years to life." In light of the foregoing, we find that appellant's sentencing for murder fell within the applicable statutory limits.
Appellant also argues she is entitled to postconviction relief because her guilty plea was not knowingly made but rather induced by her trial counsel's promise she would not be sentenced to more than five to eight years imprisonment.
Crim.R. 11 sets forth the procedure to be followed when a defendant enters a plea. Crim.R. 11 remedies the problem inherent in a trial court's judgment as to whether a defendant has intelligently and voluntarily waived his constitutional rights by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea, and to determine if the plea is understandably and voluntarily made. Kapper,5 Ohio St.3d at 38.
In the case at bar, there is no transcript reflecting compliance with Crim.R. 11. However, a trial court is presumed to have followed Crim.R. 11 when guilty plea proceedings comply on their face with Crim.R. 11. See State v. Strutton (1988),62 Ohio App.3d 248. The record includes both appellant's signed waiver and the trial court's July 9, 1985 judgment entry which indicate the trial court's compliance with Crim.R. 11.
This does not end our inquiry, however. "[C]ompliance with Crim.R. 11 does not absolutely immunize a guilty plea from collateral attack * * *." Kapper, 5 Ohio St.3d at 38. Compliance does, however, raise a presumption that the defendant's guilty plea was entered knowingly and voluntarily. See State v. Simmons (June 14, 1990), Cuyahoga App. No. 57192, unreported. The defendant then bears the burden of rebutting this presumption.
As the Supreme Court of Ohio stated in Kapper:
 [A]n allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own selfserving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing.
Kapper, 5 Ohio St.3d at 38.
In the case at bar, appellant submitted absolutely no evidence to support her claim that her guilty plea was induced by her trial counsel's promise that she would be sentenced to no more than five to eight years imprisonment. By contrast, appellant's signed waiver and the trial court's 1985 judgment entry specifically state that appellant was told of and understood the nature of the charges and the consequences of her guilty plea. In addition, appellant's signed waiver states that appellant was also told as to the maximum possible penalty a murder charge carries. In light of the foregoing, we therefore find that appellant's postconviction relief petition failed to submit evidentiary documents containing sufficient operative facts demonstrating that appellant's guilty plea was induced rather than knowingly made.
Finally, appellant argues she is entitled to postconviction relief because she received ineffective assistance of trial counsel in that her counsel failed to raise the affirmative defense of self-defense before the trial court.
The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984),466 U.S. 668, 690, 104 S.Ct. 2052, 2066; State v. Bradley (1989),42 Ohio St.3d 136, syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
In Ohio, a properly licensed attorney is presumably competent. State v. Lytle (1976), 48 Ohio St.2d 391, 397. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
In the case at bar, appellant submitted seventeen affidavits, including her own two affidavits, with her petition for postconviction relief. While the affidavits generally show a history of domestic violence and of appellant being routinely physically abused by her husband, and while one of appellant's affidavits specifically states that she informed her trial counsel that she "had acted in defense" against her husband when she shot him, appellant submitted absolutely no evidence to support her claim that her trial counsel failed to raise the issue of self-defense before the trial court. Nor is there any evidence that trial counsel's alleged failure was nothing but trial tactic or strategy. As a result, we find that appellant's postconviction relief petition failed to submit evidentiary documents containing sufficient operative facts demonstrating that appellant received ineffective assistance of trial counsel.
In light of all of the foregoing, we find that the trial court properly dismissed appellant's petition for postconviction relief. Accordingly, appellant's assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.