OPINION
Defendant-appellant Robert G. Penrod appeals the denial of his motion to withdraw guilty plea following his conviction and sentence on one count of failure to comply with an order or signal of a peace officer (misdemeanor one), one count of theft (misdemeanor one) and one count of receiving stolen property (felony five) entered by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
Appellant was indicted on October 2, 1996. Attorney Kevin Van Horn was appointed counsel for appellant. Appellant pled not guilty to the charges.
On July 27, 1997, appellant changed his plea to guilty to the charges noted above.[1] Appellee recommended appellant receive a six month jail sentence. The trial court accepted the plea and continued sentencing until October 6, 1997.
On October 6, 1997, Attorney Van Horn advised the trial court he had filed a motion to withdraw guilty plea at appellant's request. The motion alleged appellant was under the influence of narcotics and alcohol at the time of his guilty plea. Attorney Van Horn also filed a motion to withdraw as counsel for appellant.
On October 8, 1997, the trial court conducted a hearing. Attorney Van Horn's motion to withdraw as counsel was granted but appellant's motion to withdraw guilty plea was denied. The trial court appointed Attorney Scott Eickelberger to represent appellant at appellant's sentencing hearing which was continued to October 10, 1997.
On October 10, 1997, the trial court sentenced appellant to a twelve month prison term despite the appellee's recommendation a six month prison term be imposed. Appellant assigns as error:
 I. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT MOTION TO WITHDRAW HIS PLEA OF GUILTY, PARTICULARLY WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.
 II. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT PERMITTED TRIAL COUNSEL TO WITHDRAW FROM REPRESENTATION OF APPELLANT WITHOUT AFFORDING APPELLANT NEW COUNSEL TO ARGUE HIS MOTION TO WITHDRAW GUILTY PLEA, THEREBY DENYING APPELLANT THE RIGHT TO COUNSEL AS GUARANTEED BY THE UNITED STATES CONSTITUTION.
 I
Crim.R 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
Motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality. State v. Peterseim
(1980), 68 Ohio App.2d 211. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.State v. Xie (1992), 62 Ohio St.3d 521, syllabus 1. The decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id., syllabus 2. To find an abuse of discretion, we must find the trial court's ruling was unreasonable, arbitrary, or unconscionable and more than an error of judgment. State v. Adams (1980) 62, Ohio St.2d 151.
Appellant states the trial court granted Attorney Van Horn's motion to withdraw as counsel, but left appellant to argue his own motion to withdraw guilty plea. A review of the record reveals the trial court did not grant Attorney Van Horn's motion to withdraw as counsel until after it had denied appellant's motion to withdraw guilty plea.
In State v. Xie, supra, the Ohio Supreme Court held a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.Xie, supra at syllabus 1. Upon review of the record, we find the trial court allowed appellant to argue his motion and the trial court personally addressed appellant concerning his proffered reason for withdraw of his guilty plea. (Tr. of Oct. 8, 1997 Hearing, at 4-7). Appellant alleges the exchange between the trial court and appellant was insufficient to constitute a "full and fair hearing". We disagree.
We note Xie does not require an evidentiary hearing. We find appellant's responses to the trial court's questions at the time he changed his plea to guilty directly contradict his claim he was under the influence of alcohol and/or drugs at the time it was made. As noted by the trial court, it believed appellant before (when the guilty plea was entered), so he (the trial court) had the option of whether to believe appellant now (the motion to withdraw hearing).[2] The trial court stated he did not believe the appellant now. (Tr. at 6.) Based upon the record before this Court, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw guilty plea. Accordingly, appellant's first assignment of error is overruled.
 II
Appellant herein contends he was prejudicially denied effective assistance of counsel because the trial court forced appellant to argue his own motion without affording him an evidentiary hearing or an attorney. As noted in our discussion of appellant's first assignment of error, supra, an evidentiary hearing is not required under Xie. Also as noted in I, supra, Attorney Van Horn was not granted leave to withdraw until after appellant's motion to withdraw guilty plea was denied. As such, appellant did have counsel with respect to his motion. Furthermore, based upon the record exchange between the trial court and appellant, we find the possibility appellant would have been allowed to withdraw his plea "insubstantial". See, State v.Strutton (1988), 62 Ohio App.3d 248.
Appellant did not assert in his motion to withdraw guilty plea any dissatisfaction with his attorney or charge of ineffective assistance of counsel with regard to entering his guilty plea. The United States Supreme Court has held "[a] failure by counsel to provide advise [which impairs the knowing and voluntary nature of the plea] may form the basis of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea."United States v. Broce (1989), 488 U.S. 563, 574.
Appellant's second assignment of error is overruled.
The judgment of the Muskingum County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The charge of failure to comply with an order or signal of a peace officer was amended from a fifth degree felony to a first degree misdemeanor at the time of the plea.
[2] Appellant himself acknowledged "That's a very good point, Your Honor." (Tr. at 6.)