OPINION
Appellant Robert G. Penrod appeals a judgment of the Muskingum County Common Pleas Court dismissing his Petition for Post-conviction Relief without a hearing:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, AS A MATTER OF LAW, WHERE THE TRIAL COURT GRANTED SUMMARY JUDGMENT FOR ITS STATE COUNTERPART (MOVANT), AND DEVIATED FROM BOTH FUNDAMENTAL FAIRNESS AND ESTABLISHED PRINCIPLES OF LAW.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, AS A MATTER OF FACT, WHERE THE TRIAL COURT GRANTED SUMMARY JUDGMENT FOR ITS STATE COUNTERPART (MOVANT), DEVIATING FROM FUNDAMENTAL FAIRNESS, ESTABLISHED PRINCIPLES OF LAW AND THE PRESUMPTIVE FACTS EXISTING AT THE TIME OF GRANTING SUMMARY JUDGMENT.
On July 29, 1997, appellant pled guilty to Failure to Comply with an Order or Signal of a Police Officer, Theft, and Receiving Stolen Property. Appellant was sentenced to six months incarceration for Failure to Comply with an Order of a Police Officer, six months incarceration for Theft, and twelve months incarceration for Receiving Stolen Property, to be served concurrently.
Appellant filed a Petition for Post-conviction Relief, claiming that his trial counsel was ineffective and coerced him into pleading guilty. Appellant argued that he pled guilty solely based on counsel's promise that he would receive a six-month sentence on each count, to be served concurrently. In support of his petition, appellant filed his own affidavit, as well as an affidavit of Angela Mock, his co-defendant. In her affidavit, Ms. Mock attested that she personally witnessed and heard a conversation between appellant and his attorney, wherein the attorney told appellant that if he would change his plea to guilty, counsel would guarantee a sentence of no more than six months. She further attested that appellant told her that he was only changing his plea because he believed his counsel's promise, and taking a guaranteed six-month sentence made more common sense than taking a chance of being wrongfully convicted at trial.
The court denied the petition without a hearing. The court found that the transcript of the plea hearing clearly demonstrated that appellant understood the potential maximum sentence for the offenses to which he pled guilty. The court found that appellant's affidavit was self-serving, and the affidavit of Angela Mock was not credible. The court accordingly dismissed the Petition without a hearing.
 I.
Pursuant to R.C. 2953.21(C), before granting a hearing on a Petition for Post-conviction Relief, the court shall determine whether there are substantive grounds for relief. In making this determination, the court shall consider the supporting affidavits and documentary evidence, the Petition itself, all the files and records pertaining to the proceedings, and the court reporter's transcript. A defendant's own self-serving declaration or affidavit alleging a coerced guilty plea is insufficient to rebut the record on review, which shows that a plea was voluntary.State v. Kapper (1983), 5 Ohio St.3d 36.
In the instant case, the record demonstrates that the plea was voluntary, and that appellant understood the potential maximum sentence. However, in addition to his own affidavit alleging a coerced guilty plea, appellant filed an affidavit of his co-defendant, Angela Mock. The affidavit of Ms. Mock clearly supports appellant's claim that the plea was coerced. However, the court found that her affidavit was not credible, as she is appellant's paramour, and had a long criminal record consisting of drug offenses, prostitution, and theft.
In State v. Moore (1984), 99 Ohio App.3d 748, the Court of Appeals for Hamilton County considered the question of whether a court may determine the credibility of affidavits when considering whether to grant a hearing on a Petition for Post-conviction Relief. In Moore, the defendant pled guilty to Attempted Rape. In his Crim.R. 11 colloquy with the court, Moore stated that he had voluntarily entered the plea of guilty, and understood that the court was free to give him the maximum sentence for the crime. Moore was sentenced to eight to fifteen years incarceration. Subsequently, Moore filed a Petition for Post-conviction Relief, claiming that his attorney had promised him that he would be placed on probation if he pled guilty. To support the allegation, Moore submitted affidavits from his mother, brother, and sister. The trial court found that the affidavits were not credible, and dismissed the Petition without a hearing. The Court of Appeals concluded that the court did not err in concluding that the affidavits were not credible, and no hearing was required. The court noted that the affidavits gave identical, verbatim accounts of the sequence of events involving the attorney's promise of probation, and were seemingly prepared by the same person. Id. at 755. The trial judge, who presided over the post-conviction proceeding, was the same judge who presided at trial. Id. In addition, the affidavits were based on hearsay, and had the effect of recanting prior statements. Id. In contrast, in State v.Strutton (1988), 62 Ohio App.3d 248, the Court of Appeals of Montgomery County found that a supporting affidavit of the defendant's mother sufficiently supported his allegation of ineffective assistance of counsel to warrant a hearing. InStrutton, the defendant's mother filed an affidavit claiming that while her son was in jail awaiting sentencing, he called to complain that his attorney was refusing to seek to withdraw his guilty plea, and was threatening to withdraw as counsel if Strutton did withdraw his plea. She further testified that he asked her to contact his attorney, but she was unable to do so. The Court of Appeals concluded that although that affidavit merely established that Strutton previously made the same otherwise unsubstantiated claim raised in his Petition for Post-conviction Relief, the affidavit did establish that Strutton made the same claim contemporaneously with the events in question. Id. at 252. The court further accepted the averments in Strutton's mother's affidavit as true when considering whether the court was required to grant a hearing. Id. The court concluded that the mother's affidavit, while only slightly corroborative of his claim, was sufficient to take the case outside the scope of the rule laid down in Kapper. Id. at 253.
In the instant case, as in Moore, Judge Hixson presided over both the guilty plea proceedings and the Petition for Post-conviction Relief. However, unlike the court in Moore, Judge Hixson did not reject Mock's affidavit based on objective criteria, such as whether the affidavits were identical, whether the affidavits appeared to be prepared by the same person, or whether the affidavits relied on hearsay. Rather, Judge Hixson rejected the affidavit solely based on Ms. Mock's relationship with appellant and her long criminal record. Such a determination of credibility was inappropriate at this stage of the proceedings. As in Strutton, supra, appellant raised a prima facie case of a coerced guilty plea, and the court erred in failing to grant an oral hearing on the Petition for Post-conviction Relief.
The first Assignment of Error is sustained.
 II.
Appellant's second Assignment of Error appears to be addressed at the court's disposal of the merits of the petition. This Assignment of Error is rendered moot by our disposition of Assignment of Error I.
The second Assignment of Error is overruled.
The judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court with instructions to hold a hearing on appellant's Petition for Post-conviction Relief.
By: Reader, J., Farmer, P. J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court with instructions to hold a hearing on appellant's Petition for Post-conviction Relief. Costs to appellee.