OPINION
Defendant-appellant Larry Collins appeals the December 11, 1997 Judgment Entry of the Delaware Municipal Court, in which the trial court denied appellant's motion to withdraw his guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 11, 1997, an officer of the Delaware Police Department charged appellant with one count of possession of drug paraphernalia and one count of drug abuse in violation of R.C.2925.14(C)(1) and R.C. 2925.11, respectively. At the arraignment on September 22, 1997, appellant pled guilty to both charges. In connection with the plea, appellant signed the judgment entry affirming he understood the charges against him, and knowingly, intelligently, and voluntarily waived his rights in making his guilty plea. In the same judgment entry, the trial court sentenced appellant to five days in jail. The trial court suspended the jail term on condition appellant commit no like offense. Further, the court fined appellant $100 on each charge plus court costs. On November 6, 1997, appellant filed a motion to set aside the guilty plea. This motion alleged appellant was under some stress when he pled guilty and did not fully understand the consequences of his plea. The trial court denied appellant's motion in a Judgment Entry dated December 11, 1997. It is from this judgment entry appellant prosecutes his appeal assigning the following errors:
 I. THE TRIAL COURT ERRED BY NOT SETTING THE MATTER FOR HEARING ON DEFENDANT'S MOTION TO SET ASIDE HIS PLEA.
 II. THE TRIAL COURT ERRED BY NOT SETTING ASIDE DEFENDANT'S PLEA.
 I
In his first assignment of error, appellant argues the trial court erred in not setting a hearing on his motion to set aside the guilty pleas. We find the request for a hearing to withdraw a guilty plea after sentencing is similar to a request for a hearing on a petition for post-conviction relief. A defendant seeking post-conviction relief is entitled to a hearing when there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits and the files and records in the case. State v. Strutton (1988), 62 Ohio App.3d 248, 251. A hearing on a post-sentence motion to vacate a guilty plea is not required unless the facts as alleged by the defendant, if accepted as true, would require the guilty plea to be withdrawn. City of Uhrichsville v. Horne (Dec. 26, 1996), Tuscarawas App. No. 96AP090059, unreported, citing State v. Blatnik (1984), 17 Ohio App.3d 201,204. The party moving to withdraw the guilty plea must support the allegations contained in the motion with affidavits and/or the record. Id. Appellant herein failed to attach any supporting affidavit or point to any portion of the record to back his assertion that at the time of his plea, he was under stress and did not understand the consequences of his actions. Appellant has failed to provide this court with a written transcript of the plea hearing. Accordingly, we must presume the regularity of the plea proceedings. See, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. We find appellant's self-serving, unattested assertion he was under stress causing his plea to have been involuntarily, unknowingly and/or unintelligently made, without more, insufficient to rebut the presumption of regularity and the record as it presently exists. Appellant's motion was not enough to require the trial court to conduct an oral hearing on the matter. Accordingly, we find the trial court did not err in denying appellant's request for an oral hearing on the motion. Appellant's first assignment of error is overruled.
 II
In his second assignment of error appellant claims it was error not to set aside the plea. A motion to withdraw a guilty plea is governed by the standard set forth in Crim. R. 32.1, which states in pertinent part: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
A defendant who seeks to withdraw a plea of guilty after imposition of sentence has the burden of a establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and our review of a trial court's denial of a post-sentence motion to withdraw is limited to a determination of whether the court abused its discretion. State v. Early (Aug. 14, 1998), Knox App. No. 97CA27, unreported, at 1; see also, State v. Blatnik (1984),17 Ohio App.3d 201. Therefore, we will not reverse the trial court's decision unless it appears the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. As noted above, appellant failed to provide this court with the transcript of the plea hearing. It is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. After being duly advised of the consequences of his plea, appellant waived his rights and entered his plea in writing. The plea was made on the record and in open court. We find appellant's assertion that he was under stress and did not fully understand the consequences of his actions does not, without more, rise to the level of a "manifest injustice." Further, we find no evidence to suggest the trial court's denial of appellant's motion to withdraw the guilty plea was unreasonable, arbitrary or unconscionable. Appellant's second assignment of error is overruled.
The decision of the Delaware Court of Common Pleas is hereby affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur