OPINION
This appeal emanates from the Lake County Court of Common Pleas. Appellant, Michael A. Nelson, moves for post-conviction relief on the grounds that his trial counsel prosecuted cases in Lake County as a special county prosecutor.
On September 10, 1995, appellant hid in a van owned by the victim, a restaurant owner. Appellant robbed the victim when the victim made his night deposit at the bank. Appellant also held a knife to the victim's neck, stole a few thousand dollars, and fled the scene of the crime.
Appellant was indicted on five counts: count one, aggravated robbery, with a prior conviction specification, an aggravated felony of the first degree, in violation of R.C. 2911.01; count two, kidnapping, with a prior conviction specification, an aggravated felony of the first degree, in violation of R.C.2905.01; count three, felonious assault, with a prior conviction specification, an aggravated felony of the second degree, in violation of R.C. 2903.11; count four, unauthorized use of a vehicle, with a prior conviction specification, a felony of the fourth degree, in violation of R.C. 2913.03; and count five, grand theft, a felony of the third degree, in violation of R.C. 2913.02. The Lake County Public Defender's Office represented appellant at his arraignment, which was held February 16, 1996, wherein appellant entered a plea of not guilty to all charges. On May 6, 1996, appellant was appointed new counsel. Appellant's trial counsel filed a motion to prevent the introduction of prior convictions, which was granted. He also moved to prevent the introduction of the serological tests, which was overruled. Appellee, the state of Ohio, moved to dismiss the grand theft count, which the court granted.
On April 14, 1997, in the Lake County Court of Common Pleas, appellant was convicted of aggravated robbery, kidnapping, felonious assault, and unauthorized use of a vehicle. We affirmed the conviction and sentence in State v. Nelson (Sept. 24, 1999), Lake App. No. 97-L-108, unreported.
On October 7, 1998, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21, asserting that his constitutional rights were violated. The petition had an affidavit and other exhibits attached. Appellant argued that his Sixth and Fourteenth Amendment rights were violated, and that there was a conflict of interest because his trial counsel prosecuted cases in Lake County as a special prosecutor.
On November 19, 1998, appellee answered the petition and, in the alternative, moved for a dismissal. On December 2, 1999, the trial court granted appellee's motion to dismiss the petition for post-conviction relief. The trial court reasoned that appellant's petition was barred under the doctrine of res judicata because the claims he raised should have been addressed in his direct appeal. It is from that judgment that appellant timely filed the instant appeal and asserts the following as error:
 "[1.] The trial court erred in denying [appellant's] petition for post-conviction relief on the basis of res judicata [sic].
 "[2.] The trial court abused its discretion and committed reversible error by denying appellants petition for post-conviction relief without first holding a hearing."
In his first assignment of error, appellant contends that the trial court erred in dismissing his petition for post-conviction relief on the basis of res judicata. In that petition, appellant claimed that he was denied the effective assistance of counsel because his trial attorney had been previously appointed as a special prosecutor.
In State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio held:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis sic.) See, also, State v. Gau (Dec. 11, 1998), Lake App. No. 97-L-197, unreported, at 6.
 Furthermore, where a defendant, "represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." (Emphasis sic.) State v. Cole
(1982), 2 Ohio St.3d 112, syllabus; State v. Lentz
(1994), 70 Ohio St.3d 527, 529-530.
In the present case, appellant's claim is barred by the doctrine of res judicata because appellant did not raise the issue regarding a potential conflict of interest in his direct appeal. For instance, appellant knew that his trial counsel was a special prosecutor in another criminal case at least since April 4, 1997, the date of appellant's trial. Therefore, it is our view that that issue could have been raised in appellant's direct appeal.
Moreover, appellant alleges that his trial attorney failed to raise an issue regarding his hepatitis B condition, which may have caused an inaccurate reading of his DNA results. Appellant submitted copies of medical records dated July 26, 1995 through August 31, 1995, which documented his condition. Appellant could have advanced this claim in his direct appeal. Hence, this issue is barred by the doctrine of res judicata. Thus, it is our determination that the trial court properly dismissed appellant's petition for post-conviction relief. Appellant's first assignment of error is not well-founded.
In his second assignment of error, appellant claims that the trial court erred by dismissing his petition for post-conviction relief without holding an evidentiary hearing.
A hearing is not required in every post-conviction relief proceeding, but rather, is discretionary with the trial court.State v. Strutton (1988), 62 Ohio App.3d 248, 251. The court must determine whether there are substantive grounds for relief that would warrant a hearing, based upon the record and any supporting affidavits and documentary evidence before the court. State v.Guerriero (Sept. 26, 1997), Ashtabula App. No. 96-A-0078, unreported, at 4, citing State v. Jackson (1980), 64 Ohio St.2d 107,110.
R.C. 2953.21 provides that a court may dismiss a post-conviction relief petition without a hearing if it determines from the file and the record that the petitioner is not entitled to the relief requested. As to ineffective assistance of counsel claims, the Supreme Court of Ohio stated in State v. Jackson
(1980), 64 Ohio St.2d 107, syllabus:
 "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
Therefore, broad assertions and general conclusory allegations, without more to establish the requisite elements of incompetence and prejudice, are inadequate to warrant a hearing on the petition. Id. at 111.
In the instant matter, appellant has made a general allegation of ineffective assistance of counsel. He contends that his trial counsel had a conflict of interest in his dual representation and that he was prejudiced by it because there was a potential for a conflict of interest. However, he attached no proper evidence in support of his claim. The documents that he attached are uncertified copies. Moreover, even if appellant's trial attorney's dual representation without appellant's consent amounted to a lack of due care or incompetence, appellant has merely made a general conclusory allegation of prejudice without any evidentiary support. Appellant generally asserts that his trial counsel's appointment as special prosecutor may have created a potential conflict of interest in violation of Sixth Amendment of the Constitution. Without more, this broad assertion in his petition is inadequate to meet his burden to establish prejudice pursuant to Jackson, supra.
Appellant bears the burden to show that he is entitled to a hearing on his petition by providing some evidentiary support for his allegations of prejudice. State v. Kapper (1983), 5 Ohio St.3d 36,38. Since he neglected to do so, the trial court properly dismissed his petition without a hearing. Appellant's second assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
 _______________________________________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
NADER, P.J., concurs, O'NEILL, J., dissents.