OPINION
This appeal emanates from the Lake County Court of Common Pleas. Appellant, Larry M. Schlee, appeals from the trial court's denial of his first petition for postconviction relief without an evidential hearing after the remand.
On September 28, 1992, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01 in relation to the death of Frank Carroll ("Carroll"), who died on or about February 2, 1980.[1] Appellant pleaded not guilty, and the case proceeded to a jury trial, which began on March 23, 1993. On March 31, 1993, the jury returned a guilty verdict, and the trial court sentenced appellant to life in prison with parole eligibility after twenty years. On appeal, this court affirmed appellant's conviction and sentence. State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, 1994 WL 738452 ("Schlee I").
Thereafter, on September 23, 1996, appellant filed his first petition for postconviction relief alleging ineffective assistance of counsel. Appellant set forth seven bases underlying his claim and attached affidavits in support of the petition. Appellee, the state of Ohio, timely responded and attached affidavits to its response. On May 15, 1997, the trial court overruled appellant's petition without holding an evidential hearing. On June 10, 1997, appellant appealed the denial of his first postconviction relief petition to this court.
Subsequently, on December 18, 1997, while that appeal was still pending, appellant filed a second petition for postconviction relief. Appellant claimed that he had newly discovered evidence to prove that appellee committed a Crim.R. 16 discovery violation during his March 1993 trial. Appellee filed a motion to dismiss appellant's second petition along with a brief in opposition. On July 22, 1998, the trial court denied the second petition without holding an evidential hearing. In its judgment entry, the trial court ruled that it could not consider the petition because it failed to satisfy the requirements governing a second or successive petition for postconviction relief as set forth in R.C. 2953.23. From that judgment, appellant filed another notice of appeal with this court on August 21, 1998.
At that time, appellant's prior appeal stemming from the denial of his first postconviction relief petition was still pending before this court. Then, on December 31, 1998, we issued an opinion reversing the judgment of the trial court, which had dismissed appellant's first petition without a hearing. See Statev. Schlee (Dec. 31, 1998), Lake App. No. 97-L-121, unreported, 1998 WL 964291 ("Schlee II"). Our grounds for the reversal were as follows: (1) the trial court improperly invoked res judicata as a basis for dismissing all seven of appellant's claims of ineffective assistance of counsel when several of the claims could not have been adequately raised on direct appeal; and (2) the findings of fact and conclusions of law contained in the trial court's May 15, 1997 judgment entry were inadequate, and thus, precluded a meaningful appellate review. Id. at 5. Consequently, we reversed the judgment of the trial court and remanded the matter so the court could issue new findings of fact and conclusions of law addressing those claims of ineffective assistance of counsel that were not barred by res judicata. Id. at 6.
On remand, the trial court issued findings of fact and conclusions of law and entered a judgment entry on June 21, 1999. In that entry, the trial court addressed the three claims that were not barred by res judicata, and ultimately dismissed appellant's petition for postconviction relief without holding an evidential hearing because appellant failed to demonstrate substantive grounds for relief on his ineffective assistance of counsel claims. From that entry, appellant timely filed the instant appeal on July 21, 1999, while the appeal which dealt with the dismissal of appellant's second petition for postconviction relief was still pending before this court.
On December 17, 1999, we issued an opinion, which dealt with the trial court's denial of appellant's second postconviction relief petition. See State v. Schlee (Dec. 17, 1999), Lake App. No. 98-L-187, unreported, 1999 WL 1313651 ("Schlee III"). InSchlee III, this court affirmed the judgment of the trial court.Id. at 10.
Appellant now asserts the following as error:
 "[Appellant] was denied due process of law when the trial court disposed of his second petition for postconviction relief without an evidentiary hearing."
Appellant's sole contention is that the trial court denied him his right to due process by disposing of his petition for postconviction relief without a hearing.[2]
A criminal defendant, who challenges his or her conviction through a petition for postconviction relief, is not automatically entitled to a hearing. State v. Calhoun (1999), 86 Ohio St.3d 279,282. Furthermore, pursuant to R.C. 2953.21(C), before granting an evidential hearing, the trial court must determine whether there are substantive grounds for relief. Id. at 283. Thus, the trial court must decide whether there are grounds to believe that "`there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."Id., quoting R.C. 2953.21(A)(1).
R.C. 2953.21 provides, in pertinent part:
 "(C) * * * Before granting a hearing on a petition [for postconviction relief], the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
" * * *
 "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * * "
 From the statutory language, it is apparent that a hearing is not required in every postconviction relief proceeding but, rather, is discretionary with the trial court. State v. Strutton (1988), 62 Ohio App.3d 248, 251. The court must determine whether there are substantive grounds for relief that would warrant a hearing, based upon the record, and any supporting affidavits and documentary evidence before the court. State v. Guerriero (Sept. 26, 1997), Ashtabula App. No. 96-A-0078, unreported, at 2, 1997 WL 663512, citing State v. Jackson (1980), 64 Ohio St.2d 107, 110. Additionally, "[t]he general rule is that when determining whether there are substantive grounds for postconviction relief that would warrant a hearing, affidavits presented in support of the petition should be accepted as true." Id.
R.C. 2953.21 provides that a court may dismiss a postconviction relief petition without a hearing if it determines from the file and the record that the petitioner is not entitled to the relief requested. As to ineffective assistance of counsel claims, the Supreme Court of Ohio stated in Jackson, 64 Ohio St.2d at syllabus:
 "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
In the instant matter, appellant made the following ineffective assistance of counsel arguments: (1) his defense counsel failed to file a notice of alibi; (2) his defense counsel forced him to testify; and (3) his defense counsel failed to investigate the disappearance of hairs found in Carroll's watchband.
In Strickland v. Washington (1984), 466 U.S. 668, 687, the Supreme Court adopted a basic test to determine if an accused received ineffective assistance of counsel:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
Furthermore, in Ohio, every properly licensed attorney is presumed to be competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving ineffective assistance of counsel falls upon the defendant. Id.
Here, the trial court indicated in its judgment entry that appellant failed to meet his burden to demonstrate the ineffective assistance of counsel. We agree.
First, appellant claims that his defense team was ineffective because they did not file a notice of alibi. In Calhoun, the Supreme Court of Ohio addressed how a trial court should assess the credibility of affidavits filed in support of petitions for postconviction relief. The Calhoun court held that:
 "In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." Calhoun, 86 Ohio St.3d at paragraph one of the syllabus; see, also State v. Christley (May 19, 2000), Portage App. No. 99-P-0022, unreported, at 3-4, 2000 WL 655448.
The Supreme Court further stated:
 "In determining the credibility of supporting affidavits in postconviction relief proceedings, * * * a trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. * * * Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. * * *
 "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." Calhoun, 86 Ohio St.3d at 284-285.
In the case sub judice, appellant alleged in his petition for postconviction relief that he informed his attorney that, on the day in question, he was ill with the flu and at his grandmother's house. Appellant also claimed that he had two corroborating witnesses whom his attorney failed to interview. Appellee argued that the failure of appellant's attorney to file a notice of alibi was trial strategy. In its June 21, 1999 entry, the trial court, in response to appellant's arguments, concluded that:
 "Upon review, the Court notes the Affidavit of defense counsel * * * , who testified that Appellant was unable to pinpoint the exact date he was allegedly ill and at his grandmother's house. Further, the Court notes that [appellant's attorney stated] that all the alleged corroborating witnesses were interviewed, but were unable to recall exactly what happened on the day in question. Therefore, [appellant's attorney acted] in accordance with Criminal Rule 12.1 [as] she and appellant's other attorney were bound not to file a notice of alibi."
 It is our view that the trial court did not err in its conclusion that appellant's complaints, with respect to his counsel's performance at trial, did not rise to the level of a constitutional violation. Rather, our review of the record supports the trial court's finding that counsel was prepared and offered evidence on appellant's behalf. The trial court weighed the affidavits and determined that appellant did not establish sufficient operative facts to prove the lack of competent counsel. While appellant complains that, on the issue of alibi, his attorneys should have been more prepared, submitted evidence in an alternative manner, and presented new evidence, these complaints are not sufficient to counter the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689.
Appellant also argues that his defense team was ineffective because they forced him to testify. Yet, as previously mentioned, the trial court had the discretion to weigh the credibility of affidavits and decide whether to conduct an evidential hearing. Moreover, it is well-established that even debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49.
In the present matter, the trial court relied on the affidavit of appellant's trial counsel, which stated that she and appellant's other attorney explained to appellant that if he testified at trial, appellee would be able to question him about his prior bad acts. In addition, according to his attorneys, appellant was advised that testifying in his own behalf would not be in his best interest. His attorney also stated that neither she nor appellant's other attorney ever told appellant that they would not represent him if he did not testify. However, he decided to testify. Hence, it is our determination that there was no credible evidence presented that established that appellant was forced to testify.
Lastly, appellant maintains that his attorneys failed to investigate the disappearance of hairs found in Carroll's watchband. This court has stated that R.C. 2953.21 places the burden on the petitioner to make the initial evidential presentation containing sufficient operative facts to prove a claim for postconviction relief to merit a hearing. State v. Getsy
(Oct. 22, 1999), Trumbull App. No. 98-T-0140, unreported, at 8, 1999 WL 1073682. Here, it is our view that appellant did not meet his burden.
Nonetheless, even if we believe appellant's inferential argument that the hair in the watchband could have been his former girlfriend's, this reasoning was still consistent with her testimony at trial that she was present on the night that Carroll was murdered and that she had contact with his body. Additionally, consistent with her testimony, she assisted appellant in wrapping Carroll's body and placing it in the trunk of the car. Thus, although we agree that a more detailed investigation of the hair particle should have been undertaken, we conclude that any such evidence would not have changed the outcome of the case. Appellant's sole assignment is not well-taken.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 _________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] Although Carroll was murdered in 1980, his body was discovered in New York in 1981, and remained unidentified until 1992.
[2] We understand this assignment of error to be directed to the re-appeal of appellant's first petition of postconviction relief.