OPINION
Daniel Mooty is appealing the judgment of the Greene County Common Pleas Court overruling his motion to withdraw his guilty plea and sentencing him to seventeen months of incarceration.
On April 13, 2000, Mr. Mooty was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth degree felony. The actions which resulted in these charges are as follows. Mr. Mooty was riding in the car of another driver, who stopped at a friend's house. Once the driver was inside the friend's home, Mr. Mooty took the vehicle without the consent, express or implied, of the driver. The driver of the vehicle reported it stolen. Later, when Mr. Mooty was stopped on a traffic violation the police discovered that the vehicle was stolen and charges were brought forward. On June 2, 2000, Mr. Mooty entered a plea of guilty as charged. During this appearance, Mr. Mooty completed and signed a "Petition to Enter a Plea of Guilty." Mr. Mooty's plea was part of a plea agreement with the State in which the State agreed to a sentencing recommendation of probation rather than incarceration. The trial court accepted Mr. Mooty's guilty plea.
On July 13, 2000, at the sentencing hearing, Mr. Mooty orally moved to withdraw his guilty plea. The trial court proceeded on the motion and Mr. Mooty's counsel argued for the withdrawal of the plea. Counsel for the State of Ohio (hereinafter "State") opposed the motion. The trial court overruled the motion to withdraw Mr. Mooty's plea and proceeded to sentencing. Mr. Mooty was sentenced to seventeen months of incarceration and received ninety-six days of credit against the sentence. Mr. Mooty filed this timely appeal from this judgment.
Mr. Mooty raises two assignments of error:
 1. THE TRIAL COURT ERRED IN NOT CONDUCTING A FAIR AND FULL HEARING TO DETERMINE WHETHER THERE WAS A REASONABLE AND LEGITIMATE BASIS FOR THE WITHDRAWAL OF APPELLANT'S GUILTY PLEA.
 2. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL IN VIOLATION OF HIS SIXTH
AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.
Appellant's first assignment of error: Mr. Mooty argues that the trial court did not conduct a full and fair hearing on Mr. Mooty's motion to withdraw his plea. We disagree.
A motion to withdraw a guilty plea should be "freely and liberally granted" when a defendant shows "a reasonable and legitimate basis" for the withdrawal of the plea. State v. Xie (1992), 62 Ohio St.3d 521, 527. In State v. Lambros, the court stated:
 [A] defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw that plea just because he is made aware that an unexpected sentence is going to be imposed. * * * Otherwise, defense counsel merely has to allege that the defendant's plea was induced by some underlying "mistaken belief" that the defendant would receive probation and the plea would be vacated.
(1988), 44 Ohio App.3d 102. A trial court must conduct a hearing in which it carefully considers the motion to withdraw the guilty plea and all the circumstances surrounding the motion. Xie, supra. Unless a trial court abuses its discretion in ruling on the motion, the judgment should be affirmed. Id. A trial court only abuses its discretion if its judgment is unreasonable, arbitrary or unconscionable. Id. In a recent decision, this Court found that a trial court inviting and hearing oral arguments on a motion to withdraw a guilty plea at a sentencing hearing immediately before sentencing can amount to a full and fair hearing on the motion. State v. Holloman (June 22, 2001), Greene App. No. 2000 CA 82, unreported.
We find that the trial court conducted a full hearing on the motion to withdraw Mr. Mooty's plea and found that he did not have a reasonable and legitimate basis for withdrawing the plea. As in Holloman, the trial court provided an opportunity for both the defense and the State to argue on the motion for withdrawing the plea. The only rationale proffered by the defense was that Mr. Mooty believed that the trial court would comply with the State's recommendation that Mr. Mooty receive community control sanctions. Mr. Mooty's counsel argued before the trial court that Mr. Mooty was on parole and believed that he would receive community control and thus not violate his probation. Since the trial court was going to sentence Mr. Mooty to a period of incarceration, his probation would be revoked and his previous sentence imposed. Mr. Mooty's defense counsel further noted that he had led Mr. Mooty to believe that he would not be incarcerated for this crime.
The trial court found that this was not a reasonable and legitimate basis for withdrawing Mr. Mooty's plea. The trial court noted that it did not state at the time of the plea hearing that it would go along with the sentencing recommendation. (7/13/00 Tr. 7). In fact, the Petition to Enter a Plea of Guilty which Mr. Mooty signed stated "I know that the sentence I will receive is solely a matter within the control of the Judge. I request leniency, but I am prepared to accept any punishment permitted by law which this Court sees fit to impose." Further, at the plea hearing, the trial court specifically asked Mr. Mooty if he had reviewed the petition with his counsel and if he fully understood everything in the petition. (6/2/2000 Tr. 3). Mr. Mooty answered in the affirmative. (Id.) Further, the trial court asked if there was anything Mr. Mooty misunderstood about the petition and he stated "No." (Id.) Therefore, Mr. Mooty was aware that the trial court was not bound by the State's sentencing recommendation, rather his wish to withdraw his plea was merely a change of heart upon learning that he would be incarcerated. The trial court appropriately held a hearing as in Holloman and found that Mr. Mooty's change of heart about his plea did not amount to a reasonable and legitimate basis to withdraw his plea. We cannot say that the judgment of the trial court was unreasonable, arbitrary, or unconscionable and Mr. Mooty's first assignment of error is without merit.
Appellant's second assignment of error: Mr. Mooty asserts that he was rendered ineffective assistance of counsel because his counsel failed to insist on a separate hearing on the motion to withdraw and led him to believe that the trial court would sentence him only to community control. We disagree.
In order to obtain a reversal of a lower court judgment based upon ineffective assistance of counsel, a defendant must demonstrate that (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) his trial counsel's errors were so serious that a reasonable probability exists that "but for" the errors the outcome of the trial would have been different. Strickland v. Washington (1984),466 U.S. 668. Additionally, a strong presumption exists that trial counsel's conduct was within the wide range of reasonable professional conduct. State v. Seiber (1990), 56 Ohio St.3d 4, 11. A trial counsel is only ineffective for failing to act on a motion to withdraw a guilty plea where a substantial possibility exists that the defendant would be permitted to withdraw his guilty plea. State v. Sutton (1988),62 Ohio App.3d 248.
Initially, Mr. Mooty argues that his trial counsel led him to believe that he would receive community control sanctions and thereby induced his plea, which he asserts he would not have made if he believed he would be incarcerated. However, in similar cases, this Court has found that a defendant's testimony and signed petition at the plea hearing that his plea was not induced by promises counters the defendant's allegation that the plea was induced. State v. Reynolds (Oct. 24, 1997), Miami App. No. 97-CA-33, unreported; see also State v. Long (May 13, 1993), Montgomery App. No. 13285, unreported. Mr. Mooty relies on his trial counsel's statement at the sentencing hearing that he led Mr. Mooty to believe that he would receive community control rather than incarceration. (7/13/2000 Tr. 4). However, in his Petition to Enter a Plea of Guilty, which Mr. Mooty and his trial counsel signed, it states:
 I declare that no officer of this Court or any attorney has promised or suggested that I will receive a lighter sentence, community control sanctions, or any other form of leniency in exchange for my guilty plea, and if any one did make such a promise or suggestion I know that he or she had no authority to do so. I also declare that I have not been coerced or threatened to get me to plead guilty.
By signing this statement, Mr. Mooty acknowledged that he was aware that he could be incarcerated despite what his counsel may have led him to believe. Therefore, we do not find that Mr. Mooty's trial counsel's statements to Mr. Mooty about the guilty plea prejudiced him as he testified that he understood and signed a written statement that his attorney had not promised or suggested that he would receive community control sanctions in exchange for his guilty plea. We cannot say that Mr. Mooty was rendered ineffective assistance of counsel by his trial counsel's statements.
Additionally, Mr. Mooty argues that his trial counsel was ineffective in presenting his motion to withdraw his guilty plea. Mr. Mooty argues that his counsel should have moved for either a continuance or the appointment of new counsel. Also, Mr. Mooty argues that his counsel had an obligation to present testimony or affidavits in support of the motion to withdraw the guilty plea. In the present case, the only rationale Mr. Mooty raises for the withdrawal of his guilty plea is that he believed he would receive community control rather than incarceration. As stated above, Mr. Mooty was aware via the Petition to Enter a Guilty Plea that the trial court was not required to comply with the State's sentencing recommendation. Mr. Mooty's motion to withdraw his guilty plea was based solely on an unexpected incarceration sentence, a mere change of heart. As stated previously, this is insufficient rationale to withdraw a guilty plea. Thus, even if Mr. Mooty's trial counsel failed in presenting Mr. Mooty's motion to withdraw his guilty plea, it did not amount to ineffective assistance of counsel because a substantial possibility did not exist that Mr. Mooty would be permitted to withdraw his guilty plea as he did not have a reasonable and legitimate rationale to withdraw his plea. Mr. Mooty's second assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.