JOURNAL ENTRY AND OPINION
Defendant-petitioner-appellant Robert G. Girts (Girts) appeals from the November 19, 1999 denial of his petition for postconviction relief pursuant to R.C. 2953.21, et seq. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Girts was convicted by a jury in 1993 of the aggravated murder (R.C. 2903.01) of his wife, Diane Eileen Girts, through the ingestion of potassium cyanide on September 2, 1992. He was sentenced to life imprison-ment with a possibility of parole after twenty years. This conviction was reversed and remanded for a new trial by this appellate court due to the failure of the trial court to grant a motion for mistrial subsequent to the state's questioning Girts about an alleged jailhouse confession without having a good faith basis upon which to conduct that line of inquiry. See State v. Girts (June 28, 1994), Cuyahoga App. No. 65750, unreported, 1994 Ohio App. LEXIS 3318, discretionary appeal disallowed (1995), 71 Ohio St.3d 1444, motion and cross-motion for leave to appeal overruled (1995), 71 Ohio St.3d 1447.
Subsequent to a new trial in early August of 1995, which ended on August 8, 1995, Girts was again convicted by a jury of aggravated murder. Girts did not testify in his own defense at this second trial. He was sentenced to life imprisonment with a possibility of parole after twenty years. This conviction was affirmed by this appellate court. See State v. Girts (1997), 121 Ohio App.3d 539, 700 N.E.2d 395,1997 Ohio App. LEXIS 2569, discretionary appeal disallowed (1997), 80 Ohio St.3d 1424, reconsideration denied (1997), 80 Ohio St.3d 1472.
On January 18, 1996, while his appeal from his retrial was pending, Girts filed a petition for postconviction relief and subsequently supplemented that petition on May 10, 1996. This petition raised claims involving the following: (1) ineffective assistance of trial counsel due to counsel's alleged failure to adequately investigate the facts and witnesses; (2) trial counsel's advice that Girts not testify on his own behalf during the retrial; (3) trial counsel's alleged failure to have all proceedings recorded; and, (4) trial counsel's alleged failure to ask the court to hold a hearing on the admissibility of the coroner's testimony. Attached to this petition was the following: an unauthenticated typewritten list of dozens of potential witnesses available at the first trial, allegedly prepared by private investigator James Svekric; a copy of State v. Girts (July 28, 1994), Cuyahoga App. No. 65750, unreported (the direct appeal from his first trial); an affidavit prepared by defense attorney Henry DeBaggis on November 16, 1995, in which he avers that [T]he information set forth in my letter, dated June 28, 1994, to Robert Girts, attached hereto as Exhibit `A,' is true and accurate to the best of my knowledge."[1]; an authenticated one-page letter, dated August 3, 1995, from forensic pathologist Michael Clark, Ph.D., M.D., to defense attorney Robert Tobik, in which Dr. Clark expressed his expert opinion that, based upon his review of various evidence in the case, the findings in this case are markedly atypical for cyanide poisoning; a copy of Girts v. Raaf (May 4, 1995), Cuyahoga App. No. 67774, unreported, 1995 Ohio App. LEXIS 1862, in which this appellate court affirmed the decision of the coroner to change the cause of the death for Girts' victim from undetermined to homicide. The trial court denied this petition without an evidentiary hearing and issued findings of fact and conclusions of law. This appellate court dismissed the notice of appeal from the denial of the petition for lack of a final order due to the findings and conclusion not having addressed the claims raised in the supplemental petition. Further, this court remanded the matter for findings of fact and conclusions of law on the supplemental petition. See State v. Girts (Dec. 10, 1998), Cuyahoga App. No. 73749, unreported, 1998 Ohio App. LEXIS 5934.
On October 4, 1999, Girts filed a motion to amend his petition for postconviction relief in order to add a letter, dated September 4, 1998, from Steven Baskin, Ph.D. (a biochemistry toxicologist employed by the United States Army in the field of cyanide research), to Girts, in which Dr. Baskin informed Girts that he would be willing to discuss facets of the case with Girts or his counsel if more detailed scientific information is forwarded to the potential expert witness. The trial court granted this amendment on November 8, 1999.
On November 19, 1999, the trial court issued new findings of fact and conclusions of law, again denying the petition without benefit of an evidentiary hearing. Girts, acting pro se, appeals from this denial and presents three assignments of error for review.
The first assignment provides:
 I APPELLANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS IN CONTRAVENTION OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN THE TRIAL COURT ARBITRARILY REFUSED TO APPOINT POST-CONVICTION COUNSEL TO AN INDIGENT DEFENDANT, WHERE OTHER INDIGENT DEFENDANTS ARE APPOINTED COUNSEL AS A MATTER OF RIGHT PURSUANT TO O.R.C. S120.15, ET.SEQ.
In this assignment, Girts relies upon State v. Crowder (1991),60 Ohio St.3d 151, for the proposition that he was entitled to the appointment of a public defender to determine if the issues raised in the petition have arguable merit. Girts' reliance on Crowder is correct in the abstract, but appointment of counsel in postconviction proceedings is not, as urged by Girts, an automatic proposal. The syllabus of Crowder provides the following:
 1. Although an indigent petitioner does not have a state or federal constitutional right to representation by an attorney in a postconviction proceeding, the petitioner, pursuant to R.C. 120(A)(1) and (D), is entitled to representation by a public defender at such a proceeding if the public defender concludes that the issues raised by the petitioner have arguable merit.
 2. R.C. 120(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing. (Italicization added.)
Thus, it is clear from Crowder that the trial court need appoint the public defender only in the event that the trial court concludes that the petitioner is entitled to an evidentiary hearing on the petition for postconviction relief. Accord State v. Harbert (July 1, 1999), Cuyahoga App. No. 74320, unreported, 1999 Ohio App. LEXIS 3123, at 14-15; State v. Lippert (Aug. 10, 1998), Stark App. No. 1998CA0031, unreported, 1998 Ohio App. LEXIS 3997; State v. Miller(Oct. 31, 1997), Montgomery App. No. 16166, unreported, 1997 Ohio App. LEXIS 4778. Since Girts was not entitled to an evidentiary hearing on his petition, see the second assignment of error, infra, the trial court did not err in not appointing the public defender to represent Girts in the postconviction proceedings.
The first assignment of error is overruled.
The second assignment provides:
 II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED APPELLANT A HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.
The standard of review relative to this assignment of error was recently provided by this court in State v. Slagle (Aug. 10, 2000), Cuyahoga App. No. 76834, unreported, 2000 Ohio App. LEXIS 3641, at 7-8:
 * * * appellant contends that the trial court committed reversible error in dismissing his petition without first conducting an evidentiary hearing. It is well settled, however, that a hearing is not automatically required whenever a petition for post-conviction relief is filed. State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450, 619 N.E.2d 1017; State v. Strutton (1988), 62 Ohio App.3d 248, 575 N.E.2d 466, paragraph one of the syllabus. The pivotal concern is whether there are substantive constitutional grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and materials, and the files and record of the cause. State v. Jackson (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819; Strutton, supra. A petitioner is entitled to post-conviction relief under R.C. 2953.21
only if the court can find that there was such a denial or infringement of the petitioner's rights as to render the judgment void or voidable under the Ohio or United States Constitutions. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph four of the syllabus. Where a petition for post-conviction relief fails to allege facts which, if proved, would entitle the petitioner to relief, however, the trial court may so find and summarily dismiss the petition.
Perry, supra, paragraph two of the syllabus.
In the case sub judice, we cannot conclude that the trial court erred in failing to afford Girts an evidentiary hearing on his petition. A review of the petition, the supporting affidavits and other documentary evidence, the files and the record of the case leads this court to conclude that appellant has failed to raise a genuine issue of material fact that there are substantive constitutional grounds for relief. The materials attached to the petition and its amendment do not rise to the level necessary to prompt an evidentiary hearing. At most, the evidence, apart from copies of appellate opinions addressing aspects of Girts' criminal litigation, remains: (1) a letter from attorney DeBaggis which is not in the record; (2) a letter from a forensic pathologist expressing his opinion that the evidence did not support a finding of cyanide poisoning; (3) a list of potential witnesses from the first trial; and, (4) a letter from Dr. Baskin offering to review the scientific findings of cyanide poisoning in the case. There was no affidavit from Girts buttressing his various claims raised in the petition and its amendment. The DeBaggis letter is without any weight whatsoever because it is not in the record. The differing opinion from Dr. Clark, the forensic pathologist, is also given little weight for postconviction relief purposes since Dr. Clark testified at the second trial as a defense expert and expressed his opinion that the level of cyanide found in decedent's body did not correspond with the classic signs of cyanide poisoning that he would have expected to find. See State v. Girts, supra,121 Ohio App.3d 539, at 550-551, 562-563. The list of witnesses from the first trial which only provides a name and address, without affidavits from those potential witnesses detailing what they would have testified to and a showing by the petitioner that this alleged testimony was not known at the time of the second trial and would have changed the outcome of the second trial, is equally insufficient to prompt an evidentiary hearing. Finally, the offer of professional services by Dr. Baskin provides no support for the claims for relief since it does not, in any way, call into question the jury verdict with new evidence. In summary, this evidence put forward by Girts is not truly evidence de hors the record since it was in existence and available for use at the time of the second trial, or is evidence of no weight. Thus, the trial court did not err in denying the petition without benefit of an evidentiary hearing.
The second assignment of error is overruled.
The third assignment provides:
 III APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE AT TRIAL BECAUSE THE CUMULATIVE EFFECT OF COUNSEL'S OMISSIONS AND DEFICIENT PERFORMANCE WAS PREJUDICIAL AND RENDERED THE TRIAL FUNDAMENTALLY UNFAIR.
In this assignment, Girts alleges that his counsel at his second trial rendered ineffective legal assistance when that counsel: (1) failed to perform adequate pre-trial investigation by never interviewing a host of potential witnesses; (2) failed to protect Girts' from an invalid waiver of his right to testify at the second trial and prevented Girts, who desired to testify, from testifying at the second trial; (3) failed to have all side bar proceedings at the second trial recorded; and, (4) failed to challenge the coroner's verdict of homicide through a pretrial motion prior to the commencement of the second trial.
The standard of review for an allegation of ineffective assistance of counsel in the context of postconviction relief was recently stated by this appellate court in State v. Drake (Mar. 30, 2000), Cuyahoga App. No. 76072, unreported, 2000 Ohio App. LEXIS 1378, at 7-10:
 In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S. Ct. 2052, State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.
 In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.
 State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
 The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, that:
 "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 Ohio Op. 3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. * * *
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365, 66 L.Ed.2d 564, 101 S.Ct. 665 (1981)." Strickland, supra, at 691. To warrant reversal, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
In viewing the petition, we note that the only evidence concerning the issue of ineffective assistance of trial counsel is the self-serving affidavit of Girts in which he verified the petition and its allegations contained therein as true and correct. See original petition at 13-14. The trial court was well within its prerogative to discount this self-serving affidavit when deciding whether an evidentiary hearing was warranted. See State v. Nix (Dec. 30, 1999), Cuyahoga App. Nos. 75630 and 75631, unreported, 1999 Ohio App. LEXIS 6392, at 6, citing State v. Moore (1994), 99 Ohio App.3d 748. Absent this Girts' affidavit, there is no demonstration that but for the claimed ineffective assistance of counsel the outcome of the trial would have been different.
Also, but for the self-serving affidavit of Girts, there is no demonstration through affidavits of counsel that the conduct complained of in the first and second claims occurred or did not occur. See State v. Kapper (1983), 5 Ohio St.3d 36. In addition, we note that the third and fourth claimed failures of counsel were subject to being reviewed on Girts' direct appeal from his second trial without resort to evidence outside the record, but were not raised in that appeal. Accordingly, the third and fourth issues are barred by the application of res judicata. State v. Cole (1982), 2 Ohio St.3d 112; State v. Perry (1967),10 Ohio St.2d 175; State v. Parham (Aug. 17, 2000), Cuyahoga App. No. 76987, unreported, 2000 Ohio App. LEXIS 3776, at 3-4.
The third assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ JAMES D. SWEENEY, JUDGE
DIANE KARPINSKI, P.J. and MICHAEL J. CORRIGAN, J., CONCUR.
[1] A copy of the letter referenced by attorney DeBaggis is not attached to the petition.