OPINION
Rohammadin Holloman is appealing the judgment of the Greene County Common Pleas Court finding him guilty of robbery and sentencing him to four years of incarceration.
On July 21, 1999, Mr. Holloman with the assistance of Keith Baxter and Andre Oatneal planned to steal a lady's purse in the city of Yellow Springs in Greene County, Ohio. Keith Baxter and Mr. Holloman approached a lady coming out of an IGA store. Mr. Holloman grabbed the lady and threw her to the ground while Mr. Baxter seized her purse. Both men then fled to a vehicle driven by Andre Oatneal, who drove them away from the scene of the crime. As a result of the assault, the victim suffered injuries to her neck, back, face area, and arm which resulted in internal injuries.
Subsequently, Mr. Holloman was indicted on one count of robbery, a felony of the second degree, on July 29, 1999. On August 6, 1999, Mr. Holloman was arraigned and entered a not guilty plea. On September 3, 1999, Mr. Holloman reappeared before the court and changed his plea to guilty. At the plea hearing, Mr. Holloman stated after the facts were read that he was pleading guilty to those facts and that was indeed what had occurred. On October 13, 1999, a sentencing hearing was held in which Mr. Holloman moved the court pro se for an order permitting him to withdraw his plea. As the basis for changing his plea, Mr. Holloman informed the trial judge that at the time of his plea he had not reviewed his discovery packet and after having reviewed the packet, he did not believe the State of Ohio (hereinafter "State") had sufficient evidence to convict him and he believed he should not be incarcerated for as long as provided in the plea agreement. The trial court overruled the motion to withdraw his plea and Mr. Holloman was sentenced to a period of incarceration of four years.
Mr. Holloman did not make a direct appeal from his conviction and sentencing. Mr. Holloman moved to file a delayed appeal and the request was granted by this Court. This appeal was filed on September 6, 2000.
Mr. Holloman raises two assignments of error:
 1. SINCE HOLLOMAN'S PLEA WAS NOT KNOWINGLY AND FREELY GIVEN, THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO VACATE THE GUILTY PLEA.
 2. HOLLOMAN'S TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO DISCUSS HOLLOMAN'S DEFENSES AND THE EVIDENCE AGAINST DEFENDANT IN ARTICULATING AND PRESENTING HIS MOTION TO VACATE HIS GUILTY PLEA.
Appellant's first assignment of error:
 Mr. Holloman argues the trial court abused its discretion in overruling his motion to withdraw his plea because the trial court did not conduct a hearing on the motion or give his motion full consideration. We disagree.
Crim. R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition is suspended; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
When a motion to withdraw a plea is filed prior to sentencing, the court should freely and liberally grant this motion when a defendant demonstrates, "a reasonable and legitimate basis" to withdraw the plea. State v. Xie (1992), 62 Ohio St.3d 521, 527. However, a mere change of heart does not provide adequate justification for the withdrawal of a guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102; see, also, State v. Lucas (June 8, 1994), Montgomery App. No. 14004, unreported. An appellate court may only reverse a trial court's denial of a presentence motion to withdraw a guilty plea upon a showing of an abuse of discretion. Xie, supra. An abuse of discretion constitutes more than a mere error of law, rather the appellant must show that the trial court was "unreasonable, arbitrary, or unconscionable" in its decision. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217; State v. Adams (1980),62 Ohio St.2d 151, 157, 16 O.O.3d 169. We have stated:
 [a] trial court does not abuse its discretion in overruling a motion to withdraw:
 (1) where the accused is represented by highly competent counsel,
 (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea,
 (3) when, after the motion to withdraw is filed, the accused is given a full impartial hearing on the motion, and
 (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
State v. Landis (Dec. 6, 1995), Montgomery App. No. 15099, unreported, citing State v. Peterseim (1980), 68 Ohio App.2d 211, 22 O.O.3d 341.
Mr. Holloman argues that the trial court failed to provide him a full hearing on the motion to withdraw his plea and did not give the motion full consideration. Mr. Holloman argues that at the sentencing hearing he raised sufficient rationale for withdrawing his plea that the trial court was obligated to grant him a hearing, which he asserts it failed to do. At the sentencing hearing, Mr. Holloman informed the judge that he wished to go to trial with his case rather than continue with his plea. The judge properly treated this statement as a pro se motion to withdraw his guilty plea. As his reasoning for wanting to withdraw his plea, Mr. Holloman stated, "the case I'm getting charged with I know is not really that strong" and "I feel that I'm not supposed to be doing as much time with the charge they've charged me with." (Oct. 13, 1999 Tr. 3). Mr. Holloman continued on stating, "The lady cannot identify me * * * I've got a stronger case of beating this. (Id. 6). However, Mr. Holloman also admitted his guilt stating, "Why should I go to prison for something — I participated. I was there. I grabbed the lady, but other than that, I didn't do nothing else besides that, you know, and the lady can't identify who I was." (Id. 5). The trial court provided both Mr. Holloman and his attorney with an opportunity to offer anything more on this issue. Mr. Holloman did make several statements as represented above on the issue. We find that this amounted to a hearing on the motion to withdraw his plea. After the trial court had ruled on the motion to withdraw, Mr. Holloman additionally claimed he was not read his Miranda rights. However, this was after the court had asked Mr. Holloman to offer anything he had on the motion to withdraw wherein Mr. Holloman did not mention the Miranda warnings and after the court overruled his motion. Mr. Holloman and his counsel had an opportunity to present to the trial court any legitimate reasons for withdrawing his plea. We cannot find that the trial court behaved arbitrarily, unreasonably, or unconscionably by holding the hearing on the motion to withdraw his plea during the sentencing hearing rather than on a separate day. Therefore, we find that the trial court did not abuse its discretion and met the third requirement by holding a sufficient hearing on the motion.
As to the fourth requirement that the trial court give full and fair consideration to the plea withdrawal request, the trial court did not abuse its discretion in this matter either. The only reasons Mr. Holloman asserted for wishing to withdraw his plea were that he had rethought the plea arrangement and believed that he had a fair chance at trial of not being convicted and felt he should not have to serve four years. We agree with the trial court that this does not amount to a reasonable and legitimate basis to withdraw a plea. Rather, Mr. Holloman's reasoning connotes only a mere change of heart which as stated in Lambros is not grounds for withdrawing a plea. We also note that Mr. Holloman never asserted his innocence, but, on the contrary, he admitted his guilt. He simply thought the State did not have enough evidence to convict him. We cannot find that the trial court was arbitrary, unreasonable, or unconscionable in finding that the rationale for withdrawing his plea that Mr. Holloman offered did not amount to a reasonable and legitimate basis for withdrawing his plea. The trial court did not abuse its discretion and Mr. Holloman's first assignment of error is without merit and overruled.
Appellant's second assignment of error:
 Mr. Holloman argues that he received ineffective assistance of counsel because his counsel had not met with him to discuss withdrawing his plea before the sentencing hearing and because he failed to move for a continuance to present the motion to withdraw a plea. We disagree.
To prove a defendant was rendered ineffective assistance of counsel, a defendant must show (1) that defense counsel's performance fell below an objective standard of reasonable representation and (2) that the defendant was prejudiced by counsel's performance. State v. Bradley (1989), 42 Ohio St.3d 136, 137, certiorari denied (1990), 497 U.S. 1011. A defense counsel is ineffective where he fails to act on a defendant's request to withdraw his plea of not guilty when a substantial possibility exists that the defendant would be allowed to withdraw his plea. State v. Strutton (1988), 62 Ohio App.3d 248.
Mr. Holloman argues that his trial counsel was ineffective by failing to show him his discovery packet before the plea hearing, failing to meet with Mr. Holloman to discuss withdrawing his plea, and for failing to request a continuance or a recess to investigate and present Mr. Holloman's motion to withdraw his plea. However, we do not agree. Considering the facts of this case, Mr. Holloman's trial counsel negotiated a plea bargain with a favorable sentencing recommendation with only half of the incarceration time Mr. Holloman could have received. In this case, both of Mr. Holloman's co-defendants' statements implicated him, several eye witnesses placed him at the scene of the crime, and he admitted his participation in the crime in previous statements and at the sentencing hearing, stating, "I participated. I was there. I grabbed the lady." (Oct. 13, 1999 Tr. 5). As ample evidence existed to convict Mr. Holloman of this crime, his counsel served Mr. Holloman well by negotiating a plea with a favorable sentence recommendation.
Further, at the plea hearing Mr. Holloman stated that he was completely satisfied with the legal services his counsel provided him and that his counsel had reviewed with him the petition to enter a guilty plea. (Sept. 3, 1999, Tr. 2-3). Also, Mr. Holloman stated at the sentencing hearing that his counsel reviewed the discovery packet with him. (Oct. 13, 1999 Tr. 3). Although Mr. Holloman's defense counsel did not seek a recess or continuance to investigate and present Mr. Holloman's motion to withdraw, counsel was unaware until Mr. Holloman's statement to the court that he wished to withdraw his plea. Further, Mr. Holloman did not have a substantial probability of successfully having his plea withdrawn because as we discussed above he did not have a legitimate, reasonable basis for withdrawing his plea. Thus, Strutton is not applicable to this case. Moreover, even if defense counsel was deficient in failing to timely meet with his client and discuss his wish to withdraw his plea, Mr. Holloman cannot show that he was prejudiced by the deficiency. Mr. Holloman did not have a legitimate basis for withdrawing his plea, so the court likely would not have permitted the plea to be withdrawn, and if the plea had been withdrawn, Mr. Holloman would likely have been convicted at trial considering the ample evidence against him and possibly would have received eight years in prison rather than four. We cannot find that Mr. Holloman received ineffective assistance of counsel and his second assignment of error is without merit and overruled.
 ______________________ FREDERICK N. YOUNG, J.
FAIN, J. and GRADY, J., concur.