JOURNAL ENTRY AND OPINION
Defendant Marvin Leek appeals from the denial of his petition for post-conviction relief. For the reasons set forth below, we affirm.
On July 15, 1997, defendant was indicted for felonious assault and aggravated burglary, both with repeat violent offender specifications and notice of prior convictions. Defendant eventually pleaded guilty to the indictment. At this time, the following colloquy occurred:
 THE COURT: Have any threats or promises been made to you in order to induce you into entering this plea?
MR. LEEK: No.
* * *
 THE COURT: Now, Mr. Leek, I could give you eight years for this case that you just plead guilty on.
MR. LEEK: I understand that.
See State v. Leek (July 29, 1999), Cuyahoga App. No. 74338, unreported.
The court subsequently sentenced defendant to concurrent prison terms of eight years on each count of the indictment, to be served consecutive to a previously imposed prison sentence.
On March 24, 1998, defendant moved to withdraw his guilty pleas. Within this motion, defendant asserted that he entered his guilty pleas based upon his understanding that he would receive a five year prison term and further asserted that the prosecuting attorney ordered one of the state's witnesses not to divulge that she takes medication that impairs her memory. On April 15, 1998, the trial court denied defendant's motion to vacate his guilty plea.
On May 15, 1998, applicant's trial counsel filed a notice of appeal from the denial of the motion to withdraw guilty plea. This court dismissed that appeal for failure to file the record. See State v. Leek (June 10, 1998), Cuyahoga App. No. 74519, unreported.
Defendant next filed a direct appeal of his conviction and asserted the following assignments of error:
 I. THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON THE MOTION TO VACATE HIS PLEA IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.
 II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
With regard to the first assignment of error, this court held that it lacked jurisdiction to review the denial of the motion to withdraw guilty plea because the notice of appeal did not designate that order as one from which the appeal was taken. See State v. Leek (July 29, 1999), Cuyahoga App. No. 74338, unreported.[1]
With regard to the second assignment of error, this court stated:
 As for his second assignment of error, appellant claims that he was denied effective assistance of counsel during his guilty plea and sentencing hearing.
 The crux of appellant's argument is his purported plea agreement with the prosecution whereby appellant would have been sentenced to a prison term of five years.
 After appellant entered his guilty plea, the prosecutor allegedly reneged on the purported plea agreement and recommended to the trial court that it give appellant "a substantial sentence that would even come close to the maximum allowed under law." The trial court then sentenced appellant to two concurrent eight-year prison terms.
 Appellant contends that his trial counsel's inaction during his guilty plea and sentencing hearing, viz., the failure of his trial counsel to object or otherwise mention the purported plea agreement, constituted ineffective assistance of counsel.
* * *
 The burden is on the defendant to prove ineffectiveness of counsel. State v. McNeill (1998), 83 Ohio St.3d 438, 451. The defendant cannot meet his burden by making bare allegations that find no support in the record. State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, unreported, citing State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128. In the instant case, a review of the record on appeal fails to support appellant's contention that he was promised a five year prison sentence. In fact, a review of appellant's guilty plea and sentencing hearing supports the opposite conclusion.
See State v. Leek (July 29, 1999), Cuyahoga App. No. 74338, unreported.
Thereafter, on March 15, 1999, defendant filed a motion to vacate his conviction in which he asserted that his trial counsel was ineffective for permitting defendant to enter his guilty plea when it became clear that a five year term of imprisonment would not be imposed. Defendant additionally asserted that the prosecuting attorney committed misconduct in suppressing information that one of the state's witnesses, Ms. Grant, takes medication which interferes with her memory. In support of the motion, defendant offered the affidavits of his cousin and his wife. These affiants averred that Ms. Grant told them that her medication impairs her memory; that the prosecuting attorney instructed Ms. Grant not to mention this fact in court; that Ms. Grant did not see defendant strike the victim, but rather, merely observed him break up an altercation between the victim and co-defendant, Curtis Pope; and that inculpatory testimony provided by the victim's daughter was untruthful. On August 3, 2000, the trial court denied defendant's motion to vacate his conviction. The court concluded that the claim of ineffective assistance of counsel was barred by res judicata, and the claim of prosecutorial misconduct lacked proper evidentiary support. Defendant now appeals and assigns a single error for our review:
Defendant's assignment of error states:
 THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANT-APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING.
Post-conviction relief is authorized by R.C. 2953.21 which provides in relevant part as follows:
 (A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and the other documentary evidence as will support his claim for relief.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
A defendant is entitled to post-conviction relief under R.C. 2953.21 if the court can find that there was such a denial or infringement of the defendant's rights as to render the judgment void or voidable under the Ohio or United States Constitutions. State v. Perry (1967),10 Ohio St.2d 175, paragraph four of the syllabus. Nonetheless, post-conviction relief is purely statutory and a defendant receives no more rights than those guaranteed by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281. Thus, as is set forth in R.C. 2953.21(C), a criminal defendant who seeks post-conviction relief is not automatically entitled to a hearing. Id.; State v. Cole (1982), 2 Ohio St.3d 112, 113.
Before granting an evidentiary hearing on the petition, the trial court must determine whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and the files and records in the case. State v. Strutton (1988), 62 Ohio App.3d 248, 251. A defendant satisfies this initial burden by submitting evidence outside the record sufficient to avoid dismissal. See State v. Williams (1991), 74 Ohio App.3d 686, 692. Conversely, a petition for post-conviction relief may be dismissed without a hearing when the defendant fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980),64 Ohio St.2d 107, 111.
Moreover, pursuant to the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus; see, also, State v. Cole, supra.
In this instance, defendant's claim of ineffective assistance of counsel was raised on direct appeal and is therefore barred by res judicata. Defendant's remaining claim of prosecutorial misconduct was supported exclusively by hearsay statements contained in the affidavits of defendant's wife and cousin. The trial court therefore correctly determined that this claim for relief lacked sufficient evidentiary support to justify a hearing on the merits. Cf. State v. Calhoun, supra, (trial court may disregard an affidavit submitted in support of a petition for post-conviction relief in light of all relevant factors which include: (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.) We are therefore unable to conclude that the trial court erred in denying the motion to vacate the conviction without holding an evidentiary hearing.
The assignment of error is without merit.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ JOSEPH J. NAHRA, JUDGE:*
TIMOTHY E. McMONAGLE, P.J. AND MICHAEL J. CORRIGAN, J., CONCUR.
* Judge Joseph J. Nahra, Retired of the Eight District Court of Appeals, sitting by assignment.
[1] This court later rejected defendant's application to reopen his direct appeal in order to review the trial court's denial of his motion to vacate the guilty plea. In relevant part, this court was unable to conclude that there was a "reasonable probability" that applicant would have been successful on the merits of this claim. See State v. Leek (June 21, 2000), Cuyahoga App. No. 74338, unreported (application for reopening denied).